# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

ANAS ABUBAKARI, *et al.*,
    *Plaintiffs*,

v.

JIANCHAO XU,
    *Defendant*.

No. 3:18-cv-00972 (JAM)

**ORDER DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**

Plaintiffs have filed this action against their landlord arising from allegedly poor conditions at their apartment as well as the landlord's failure to pay them for shoveling snow. I will dismiss the complaint for lack of federal jurisdiction and without prejudice to plaintiffs' right to seek appropriate relief in the state courts of Connecticut.

### BACKGROUND

On June 11, 2018, plaintiffs Khadijah and Anas Abubakari filed this *pro se* action seeking relief pursuant to 42 U.S.C. § 1983 for what they describe as a "landlord and tenant matter." Doc. #1 at 3. They claim that "we lived in an uninhabitable conditions at the previous landlord apartment," that "the complex was a drug infested area," and that there were "dry rotted walls and [a] mold[y] apartment." *Ibid.* They complain that "we had a female tenant on top of us, who was rudely and intentionally letting her toilet and sink water flow into our apartments." *Id.* at 4. In addition, they complain that "we did ha[ve] [an] agreement with the landlord to shovel snow for him for payment, [but] after we vaca[ted] the apartment, our money was never giv[en] to us." *Ibid.* They seek the return of their security deposit, unpaid wages for snow removal, a refund of expenses due to water damages, their travel expenses, reimbursement for time spent on

1

preparation of paper work, and damages for pain and suffering. *Id.* at 5. Plaintiffs move for leave to proceed *in forma pauperis* and for the appointment of counsel.

## DISCUSSION

This Court has authority to review and dismiss an *in forma pauperis* complaint if it "fails to state a claim on which relief may be granted." *See* 28 U.S.C. § 1915(e)(2)(B). When the plaintiff happens to be a *pro se* litigant, the Court must afford the complaint a liberal construction and interpret it to raise the strongest grounds for relief that its allegations suggest. *See, e.g.*, *Sykes v. Bank of America.*, 723 F.3d 399, 403 (2d Cir. 2013). Still, even a *pro se* complaint may not survive dismissal if its factual allegations do not establish plausible grounds for the Court's exercise of jurisdiction as well as for the grant of relief. *See, e.g.*, *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015); *Lapaglia v. Transamerica Cas. Ins. Co.*, 155 F. Supp. 3d 153, 155–56 (D. Conn. 2016).

It is a very basic principle of law that federal courts like this Court are courts of limited jurisdiction. *See generally Gunn v. Minton*, 568 U.S. 251, 256 (2013). In general, federal courts have so-called "federal question" jurisdiction over any claims that arise under federal law. *See* 28 U.S.C. § 1331. Federal courts also have so-called "diversity" jurisdiction over claims that arise under state law if the parties are citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. Although there are additional grounds for a federal court to have jurisdiction (such as over lawsuits against federal officials or admiralty claims), the vast majority of claims that find their way for resolution in a federal courts involve "federal question" or "diversity" jurisdiction.

So far as I can tell, the complaint here does not allege facts that give rise to any kind of claim over which this Court has jurisdiction. Landlord-tenant disputes are ordinarily governed by

state law, not federal law. True enough, the complaint here cites a venerable federal civil rights law, 42 U.S.C. § 1983, which affords a federal law cause of action for a person whose federal rights under the Constitution have been violated by a person acting under color of state law. But no facts in the complaint suggest that defendant acted under color of law—that is, that the defendant as plaintiffs' landlord was acting in any manner in the capacity of or in concert with any public official or government employee. *See Betts v. Shearman*, 751 F.3d 78, 84 (2d Cir. 2014). There is no basis here for federal question jurisdiction.

Nor is there any basis for federal diversity jurisdiction. Because the complaint identifies addresses for all of the parties that are within the State of Connecticut, there is no conceivable basis for federal diversity jurisdiction in this case. *See Ally v. Sukkar*, 128 F. App'x 194, 195 (2d Cir. 2005) (affirming dismissal of landlord-tenant dispute for lack of federal jurisdiction).

## CONCLUSION

For the reasons set forth above, the complaint is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to allege any facts that plausibly give rise to grounds for the exercise of federal jurisdiction in this case. This order of dismissal is without prejudice to plaintiffs' right to seek any relief in the state courts of Connecticut. Plaintiffs' motion for leave to proceed *in forma pauperis* (Doc. #2) and for the appointment of counsel (Doc. #3) are DENIED as moot. The Clerk of Court shall close this case.

It is so ordered.

Dated at New Haven this 12th day of June 2018.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge